# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-1720V

| | |
|---|---|
| GULSARABONU RAVSHANOVA,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: July 3, 2024 |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY*, for Petitioner.

*Alec Saxe, U.S. Department of Justice, Washington, DC*, for Respondent.

## DECISION AWARDING DAMAGES[1]

On October 3, 2023, Gulsarabonu Ravshanova filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered bilateral shoulder injuries related to vaccine administration ("SIRVAs), defined Table injuries or, in the alternative, caused-in-fact injuries, after receiving meningococcal B and meningococcal conjugate vaccines intramuscularly in her left and right deltoids. Petition at 1, ¶¶ 4, 20-23. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 28, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On July 2, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $120,655.40, representing $115,000.00 for pain and suffering and $5,655.40 for reimbursement of a Medicaid lien. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award $120,655.40 as follows:**

1. **A lump sum payment of $115,000.00, representing compensation for actual pain and suffering, in the form of a check payable to Petitioner; and**

2. **A lump sum payment of $5,655.40, representing reimbursement of a Medicaid lien for services rendered to Petitioner by the Commonwealth of Pennsylvania, in the form of a check payable jointly to Petitioner and Pennsylvania Department of Human Services, and mailed to:**

   Pennsylvania Department of Human Services
   Bureau of Program Integrity
   Division of Third Party Liability
   Recovery Section
   P.O. Box 8486
   Harrisburg, PA 17105-8486.

Petitioner agrees to endorse the check to Pennsylvania Department of Human Services for satisfaction of the Medicaid lien. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id.*

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| GULSARABONU RAVSHANOVA,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>                    Respondent. | No. 23-1720V (ECF)<br>Chief Special Master Corcoran |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On October 3, 2023, Gulsarabonu Ravshanova ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered bilateral Shoulder Injuries Related to Vaccine Administration ("SIRVAs"), as defined in the Vaccine Injury Table, following administration of meningococcal B and meningococcal conjugate vaccines administered on August 18, 2022.  Petition at 1.  On May 24, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for bilateral SIRVA Table injuries, and on May 28, 2024, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 23; ECF No. 29.

I. **Items of Compensation**

    A. <u>Pain and Suffering</u>

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$115,000.00** for pain and suffering, in the form of a check payable to petitioner. Petitioner agrees.

    B. <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy the Commonwealth of Pennsylvania Medicaid lien in the amount of **$5,655.40**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Pennsylvania may have against any individual as a result of any Medicaid payments the Commonwealth of Pennsylvania has made to or on behalf of petitioner from the date of his eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injuries suffered on or about August 18, 2022, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II. **Form of the Award**

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

A. A lump sum payment of **$115,000.00** in the form of a check payable to petitioner; and

B. A lump sum payment of **$5,655.40**, representing compensation for satisfaction of the Commonwealth of Pennsylvania Medicaid lien, in the form of a check payable jointly to petitioner and:

>Pennsylvania Department of Human Services
>Bureau of Program Integrity
>Division of Third Party Liability
>Recovery Section
>PO Box 8486
>Harrisburg, PA 17105-8486

Petitioner agrees to endorse the check to Pennsylvania Department of Human Services for satisfaction of the Medicaid lien.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

>Respectfully submitted,
>
>BRIAN M. BOYNTON
>Principal Deputy Assistant Attorney General
>
>C. SALVATORE D'ALESSIO
>Director
>Torts Branch, Civil Division
>
>HEATHER L. PEARLMAN
>Deputy Director
>Torts Branch, Civil Division
>
>COLLEEN C. HARTLEY
>Assistant Director
>Torts Branch, Civil Division
>
>/s/ Alec Saxe
>ALEC SAXE
>Trial Attorney
>Torts Branch, Civil Division
>U.S. Department of Justice
>P.O. Box 146, Benjamin Franklin Station
>Washington, D.C. 20044-0146
>Tel: (202) 353-7722
>E-mail: Alec.Saxe@usdoj.gov

DATED: July 2, 2024